The opinion of the Court was delivered by
Glover, J.
The 17th section of the Statute of Frauds *105 applies to contracts for the sale of goods,' wares and merchandize; but a distinction has been taken between contracts of sale merely and contracts for the sale of goods, upon which work and labor is previously to be bestowed: (Rondeau vs. Wyatt, 2 H. Bl. 63; and Bird vs. Muhlinbrink, 1 Rich. 199.) Sales of things which exist in solido at the time of sale, although the contract be executory and the goods to be delivered at a different place, are within the statute: (Cooper vs. Elston, 7 T. R. 14.), Whereas, a contract for a chariot to be made, (Towers vs. Osborne, Str. 506,) or for the purchase of a quantity of oak pins to be cut and delivered, (Groves vs. Buck, 3 M. & S. 178,) or for a quantity of corn to be thrashed out, (Clayton vs. Andrews, 4 Burr. 2101,) were held not to be within the statute.
It is not surprising that great embarrassment has been felt, and that many refined distinctions have been taken in construing a statute which professes to regulate almost all the contracts which are entered into by men, and which was expressly intended to suppress fraud. To carry out the intention of the statute, and to prevent a perpetration of fraud by a strict adherence to the letter, an interpretation is sometimes given which might seem to contradict the language employed.
In this case, as there was neither the payment of earnest-money, acceptance of the article, nor a written agreement, the plaintiffs cannot r'ecover unless work and labor were to be bestowed on the article which was the subject of the contract. The evidence on this point was very inconclusive, and the Court is induced to set aside the nonsuit .only on ,the ground, that a jury may answer, if the parties understood that the contract was for the sale of a gin merely, or for the sale of a gin on which work and labor were to be bestowed before delivery.
O’Neall, Wardlaw and Withers, JJ., concurred.
Motion granted.